UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

DAVID AQUINO,

                       Plaintiff,

- v -                                    Civ. No. 9:05-CV-1472
                                                          (LEK/RFT)

DR. KOOI, Medical Director; P.A. LAUX, Physician
Assistant; and SUE LENNOX, R.N.,

                       Defendants.

**APPEARANCES:**                                                   **OF COUNSEL:**

DAVID AQUINO
Plaintiff, *Pro Se*
c/o Ms. Bridget Garcia
499 New Jersey Ave.
Brooklyn, NY 11207

HON. ELIOT SPITZER                                  JEFFREY P. MANS, ESQ.
Attorney General for the State of New York      Assistant Attorney General
Attorney for Defendants
The Capitol
Albany, NY 12224

**RANDOLPH F. TREECE**
**United States Magistrate Judge**

## REPORT-RECOMMENDATION and ORDER

    *Pro se* Plaintiff David Aquino brings a civil action pursuant to 42 U.S.C. § 1983, alleging

deliberate indifference towards his medical needs in violation of the Eighth and Fourteenth

Amendments as well as retaliation under the First Amendment and verbal abuse. Dkt. No. 1,

Compl. at § 7. Defendants Kooi, Laux, and Lennox bring this Motion to Dismiss pursuant to FED.

R. CIV. P. 12(b)(6). Dkt. No. 13. Despite being granted an extension of time,[1] Plaintiff failed to respond to the Motion to Dismiss.[2] For the reasons to follow, it is recommended that the Motion to Dismiss be **granted**.

## I. FACTS

The following facts were derived from the Complaint, which must be taken as true per the motion to dismiss standard. *See infra* Part II.A. On October 25, 2005, Plaintiff had a scheduled appointment with Defendant Laux. Compl. at § 6. During the appointment, Laux took Plaintiff off of the medication prescribed to him by an orthopedic specialist for chronic disks disease. *Id.* Laux also verbally abused Plaintiff by calling him a dope addict, a momma's boy, and told him that he did not care about the orthopedic specialist's orders that he be given pain medication. *Id.* As for Dr. Kooi, he refused to address Plaintiff's complaints concerning medical staff and his requests for effective pain medication associated with chronic disk disease. *Id.*

## II. DISCUSSION

### A. Motion to Dismiss Standard

Upon a motion to dismiss pursuant to FED. R. CIV. P. 12(b)(6), a court may dismiss a complaint "only if 'it appears beyond [a] doubt that the plaintiff can prove no set of facts in support

---

[1] Plaintiff's Response to the Motion was initially due on May 22, 2006. *See* Dkt. No. 13. On August 30, 2006, the Court issued an Order granting an extension to Plaintiff to respond to the Motion by October 2, 2006. Dkt. No. 14, Order, dated Aug. 30, 2006. Within that Order, the Court stated that "**Plaintiff is warned that failure to respond may, if appropriate, result in the granting of Defendants' Motion, in which there will be no trial.**" *Id.*

[2] Pursuant to the Local Rules for the Northern District of New York ("Local Rules"),

"[w]here a properly filed motion is unopposed and the Court determines that the moving party has met its burden to demonstrate entitlement to the relief requested therein, the non-moving party's failure to file or serve any papers . . . shall be deemed as consent to the granting or denial of the motion, as the case may be, unless good cause is shown."

N.D.N.Y.L.R. 7.1(b)(3).

of his claim which would entitle him to relief.'" *Equal Employment Opportunity Comm'n v. Staten Island Sav. Bank*, 207 F.3d 144, 148 (2d Cir. 2000) (quoting *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957) & citing *Drake v. Delta Air Lines, Inc.*, 147 F.3d 169, 171 (2d Cir. 1998)); *see also Green v. New York State Dep't of Corr. Servs. et al.*, 2003 WL 22169779, at *1 (N.D.N.Y. Aug. 27, 2003). Furthermore, "the court must accept as true the factual allegations in the complaint, and draw all reasonable inferences in favor of the plaintiff." *Harris v. City of New York*, 186 F.3d 243, 247 (2d Cir. 1999); *see also Smith v. Local 819 I.B.T. Pension Plan*, 291 F.3d 236, 240 (2d Cir. 2002) (citations omitted). However, the court need not credit conclusory statements unsupported by assertions of facts or legal conclusions and characterizations presented as factual allegations. *Papasan v. Allain*, 478 U.S. 265, 286 (1986). Nevertheless, "[i]n assessing the legal sufficiency of a claim [under 12(b)(6)], the court may consider those facts alleged in the complaint, documents attached as an exhibit thereto or incorporated by reference . . . and documents that are integral to plaintiff's claims, even if not explicitly incorporated by reference." *Green v. New York State Dep't of Corr. Servs. et al.*, 2003 WL 22169779, at *1 (internal quotation marks and citations omitted) (alterations in original).

Moreover, pleadings submitted by *pro se* litigants "should be 'construed liberally,'" and a complaint "should not be dismissed unless 'it is clear that the plaintiff would not be entitled to relief under any set of facts that could be proved consistent with the allegations.'" *Phillips v. Girdich*, 408 F.3d 124, 127 (2d Cir. 2005) (internal citations omitted). A "dismissal on the pleadings *never* is warranted unless the plaintiff's allegations are doomed to fail under any available legal theory." *Id.* at 128.

## B. Eighth Amendment Claim

Plaintiff claims Defendants Laux and Kooi were deliberately indifferent to his medical needs under the Eighth and Fourteenth Amendments when Laux took Plaintiff off of his prescribed medication for chronic disks disease and Kooi failed to address any of Plaintiff's complaints regarding the medical staff and his pain medication. Compl. at § 6.

The Due Process Clause of the Fourteenth Amendment will "protect[] *pretrial detainees* from the provision of inadequate medical care by the state." *McKenna v. Wright*, 2002 WL 338375, at *9 (S.D.N.Y. Mar. 4, 2002) (citing *Sulkowska v. City of New York*, 129 F. Supp. 2d 274, 291-92, n.29 (S.D.N.Y. 2001)). However, "incarcerated prisoners are protected from cruel and unusual punishment in the form of inadequate medical care by the Eighth Amendment, as applied to the state by the Fourteenth Amendment." *Id.* (citing *Estelle v. Gamble*, 429 U.S. 97, 101-05 (1976)). Therefore, a cause of action for deliberate indifference of medical care brought by a *pro se* prisoner under the Fourteenth and Eighth Amendments will only be construed as a claim pursuant to the Eighth Amendment. *Id.*

The Eighth Amendment of the U.S. Constitution prohibits cruel and unusual punishment. Punishment references that which "'involve[s] the unnecessary and wanton infliction of pain.'" *Chance v. Armstrong*, 143 F.3d 698, 702 (2d Cir. 1998) (quoting *Gregg v. Georgia*, 428 U.S. 153, 173 (1976)). "In order to establish an Eighth Amendment claim arising out of inadequate medical care, a prisoner must prove deliberate indifference to [his] serious medical needs." *Smith v. Carpenter*, 316 F.3d 178, 183 (2d Cir. 2003) (internal quotation marks and citations omitted) (alteration in original).

Because objective and subjective elements are present, "[t]he objective 'medical need'

element measures the severity of the alleged deprivation, while the subjective 'deliberative indifference' element ensures that the defendant prison official acted with a sufficiently culpable state of mind." *Id.* at 183-184 (citing *Chance v. Armstrong*, 143 F.3d at 702); *see also Estelle v. Gamble*, 429 U.S. at 104; *Hathaway v. Coughlin*, 99 F.3d 550, 553 (2d Cir. 1996). The subjective element "'entails something more than mere negligence . . . [but] something less than acts or omissions for the very purpose of causing harm or with knowledge that harm will result.'" *Hathaway v. Coughlin*, 99 F.3d at 553 (2d Cir. 1996) (quoting *Farmer v. Brennan*, 511 U.S. 825 (1994)).

This deliberate indifference must be in regards to the "prisoner's serious illness or injury[.]" *Estelle v. Gamble*, 429 U.S. at 105. Additionally, "'[b]ecause society does not expect that prisoners will have unqualified access to health care,' a prisoner must first make this threshold showing of serious illness or injury in order to state an Eighth Amendment claim for denial of medical care." *Smith v. Carpenter*, 316 F.3d at 184 (quoting *Hudson v. McMillian*, 503 U.S. 1, 9 (1992) (further citation omitted)). Some factors that determine whether a prisoner's medical condition is serious include: "1) whether a reasonable doctor or patient would perceive the medical need in question as important and worthy of comment or treatment, 2) whether the medical condition significantly affects daily activities, and 3) the existence of chronic and substantial pain." *Brock v. Wright*, 315 F.3d 158, 162-63 (2d Cir. 2003) (internal quotation marks and citations omitted) (noting that an inmate is not required to show "that he or she experiences pain that is at the limit of human ability to bear, nor [does the Court] require a showing that his or her condition will degenerate into a life-threatening one).

The prisoner has to show "more than an inadvertent failure to provide adequate medical care

by prison officials to successfully establish Eighth Amendment liability." *Smith*, 316 F.3d at 184 (internal quotation marks and citation omitted). Prison officials act with deliberate indifference "when [they] 'know[] of and disregard[] an excessive risk to inmate health or safety; the official[s] must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and [they] must also draw the inference.'" *Chance v. Armstrong*, 143 F.3d at 702 (quoting *Farmer v. Brennan*, 511 U.S. at 837). The Eighth Amendment deals with "the particular risk of harm faced by a prisoner due to the challenged deprivation of care, rather than the severity of the prisoner's underlying medical condition, considered in the abstract[.]" *Smith v. Carpenter*, 316 F.3d at 186 (citations omitted). Moreover, the "severity of the alleged denial of medical care should be analyzed with regard to all relevant facts and circumstances." *Id.* at 187.

A prisoner's disagreement with the form of treatment proscribed by medical personnel will not necessary implicate the Eighth Amendment. *Ifill v. Goord et al.*, 2004 WL 1663994, at *3 (W.D.N.Y. Apr. 8, 2004) (citation omitted). Furthermore,

> disagreements between a prisoner and prison officials over treatment decisions fall short of cruel and unusual punishment. Thus, disagreements over medications, diagnostic techniques (e.g., the need for X-rays), forms of treatment, or the need for specialists or the timing of their intervention, are not adequate grounds for a section 1983 claim. These issues implicate medical judgments and, at worst, negligence amounting to medical malpractice, but not the Eighth Amendment.

*Id.* (quoting *Sonds v. St. Barnabas Hosp. Corr. Health Servs.*, 151 F. Supp. 2d 303, 312 (S.D.N.Y. 2001)).[3]

---

[3] When a prisoner is in essence claiming medical malpractice,

> a complaint that a physician has been negligent in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment under the Eighth Amendment. Medical malpractice does not become a constitutional violation merely because the victim is a prisoner. In order to state a cognizable claim, a prisoner must allege acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs.

*Hathaway v. Coughlin*, 99 F.3d at 553 (quoting *Estelle v. Gamble*, 429 U.S. at 106 & n.14).

Additionally, "prison officials and medical personnel have wide discretion in treating prisoners, and Section 1983 is not designed to permit federal courts to interfere in the ordinary medical practices of state prisons." *Id.* (internal quotation marks and citation omitted).  In fact, if the medical treatment concerns "the care and safety of patients," then there is a "'presumption of correctness.'" *Id.* (quoting *Perez v. County of Westchester*, 83 F. Supp. 2d 435, 440 (S.D.N.Y. 2000)).

Here, Plaintiff claims that his illness and/or injury is chronic disks disease.  Compl. at § 6. However, Plaintiff does not provide any facts from which this Court could conclude that this was a serious illness and/or injury.  *Id.*  In order to show seriousness, the Court would have to determine whether a reasonable doctor or patient would perceive the medical need in question as important and worthy of comment or treatment, if the medical condition significantly affects daily activities, or if there is the existence of chronic and substantial pain.  The only indication of seriousness is that Plaintiff was apparently seen at some time by an orthopedic specialist.  *Id.*  However, that fact alone does not meet the threshold showing of a serious illness and/or injury.  Thus, Plaintiff has failed to state a cause of action.  *See Smith v. Carpenter*, 316 F.3d at 184; *Brock v. Wright*, 315 F.3d at 162-63; Dkt. No. 13, Defs.' Mem. of Law at pp. 3-4.

Even if Plaintiff could show that chronic disks disease was a serious illness and/or injury, Plaintiff has failed to show that either Laux or Kooi knew of and disregarded an excessive risk to Plaintiff's health or safety.  Plaintiff merely states that on October 25, 2005, Laux took away his prescription for his chronic disks disease problem.  Compl. at § 6.  Nevertheless, though Plaintiff may have felt he should have been allowed to keep the medication, disagreements between medical

---

If the malpractice involved "culpable recklessness, i.e., an act or failure to act by the prison doctor that evinces 'a conscious disregard of a substantial risk of harm,'" then it may constitute deliberate indifference. *Id.* (quoting *Farmer*, 114 S. Ct. at 1980).

personnel and inmates over medication will not implicate the Eighth Amendment as it would constitute a medical judgment. Medical personnel are afforded wide discretion in treating prisoners and thus, Laux, as a medical professional, is provided discretion in medically treating Plaintiff. *See Ifill v. Goord et al.*, 2004 WL 1663994, at *3. In terms of Dr. Kooi, Plaintiff has not provided any instances in which Dr. Kooi was personally indifferent to his medical needs nor has he presented any evidence that Dr. Kooi was informed of any complaints submitted regarding his medical care. *See* Compl.

Therefore, it is recommended that the Motion to Dismiss on the Eighth Amendment claim be **granted**.[4]

### C. Retaliation and Abuse Claims

Plaintiff claims that he was retaliated against and verbally abused. Compl. at § 7, Third Cause of Action.

The Second Circuit has stated that courts must approach prisoner retaliation claims "with skepticism and particular care," since "virtually any adverse action taken against a prisoner by a prison official-even those otherwise not rising to the level of a constitutional violation - can be characterized as a constitutionally proscribed retaliatory act." *Dawes v. Walker*, 239 F.3d 489, 491 (2d Cir. 2001) (citing *Flaherty v. Coughlin*, 713 F.2d 10, 13 (2d Cir. 1983) & *Franco v. Kelly*, 854 F.2d 584, 590 (2d Cir. 1988)).

In order to prevail on a retaliation claim, a plaintiff bears the burden to prove, "first, that he engaged in constitutionally protected conduct and, second, that the conduct was a substantial or

---

[4] Defendants do not address Plaintiff's other causes of action in their Motion to Dismiss. *See* Defs.' Mem. of Law. This Court will nevertheless examine Plaintiff's remaining claims. *See* Compl. at § 7.

motivating factor for the adverse actions taken by prison officials." *Bennett v. Goord*, 343 F.3d 133, 137 (2d Cir. 2003) (citations omitted). There must also be a "causal connection between the protected [conduct] and the adverse action." *Gill v. Pidlypchak*, 389 F.3d 379, 380 (2d Cir. 2004) (citation omitted).

Here, Plaintiff has provided absolutely no factual allegations to support any type of retaliation claim. *See* Compl. at §§ 6 & 7. He does not state what constitutionally protected conducted he engaged in or what adverse action was taken by any prison officials. *Id.* Furthermore, his retaliation claim is not directed toward any one particular Defendant. *Id.* Thus, Plaintiff has failed to state a cause of action for retaliation.

In terms of verbal abuse, Plaintiff claims Laux called him a dope addict, a momma's boy, and told him that he did not care about the orthopedic specialist's orders that he be given pain medication. *Id.* at § 6. However, it is well settled law in this Circuit that "42 U.S.C. § 1983 is not designed to rectify harassment or verbal abuse." *Gill v. Hoadley*, 261 F. Supp. 2d 113, 129 (N.D.N.Y. 2003) (citing *Alnutt v. Cleary*, 913 F. Supp. 160, 165-66 (W.D.N.Y. 1996)); *Petway v. City of New York*, 2005 WL 2137805, at *3 (E.D.N.Y. Sept. 2, 2005); *LaRocco v. New York City Dep't of Corrs.*, 2001 WL 1029044, at *5 (S.D.N.Y. Aug. 31, 2001). Thus, "verbal harassment or profanity alone, unaccompanied by an injury no matter how inappropriate, unprofessional, or reprehensible it might seem, does not constitute the violation of any federally protected right and therefore is not actionable under 42 U.S.C. § 1983." *Moncrieffe v. Witbeck*, 2000 WL 949457, at *3 (N.D.N.Y. June 29, 2000) (quoting *Aziz Zarif Shabazz v. Pico,* 994 F. Supp. 460, 474 (S.D.N.Y. 1998)). In this case, Plaintiff claims that there was verbal abuse but fails to allege any physical injury as a result. Compl. at § 6; *see also Aziz Zarif Shabazz v. Pico*, 994 F. Supp. at 474 (noting

that there was no physical injury accompanied with the verbal taunting and, therefore, no constitutional violation was alleged). As there is no injury, Plaintiff has not stated a claim that would constitute the violation of any federally protected right, thus, Plaintiff's claim is not actionable under 42 U.S.C. § 1983.

Accordingly, as Plaintiff has failed to state a cause of action for either retaliation or verbal abuse, it is recommended that the Motion to Dismiss be **granted**.

### D. Personal Involvement

Defendant Lennox claims that Plaintiff has failed to allege any personal involvement on her part and therefore, no liability exists. Defs.' Mem. of Law at p. 1.

The Second Circuit has held that "personal involvement of defendants in alleged constitutional deprivations is a prerequisite to an award of damages under § 1983." *Wright v. Smith*, 21 F.3d 496, 501 (2d Cir. 1994) (citations omitted). Moreover, "the doctrine of *respondeat superior* cannot be applied to section 1983 actions to satisfy the prerequisite of personal involvement. Therefore, a prison official may not be found liable for a constitutional violation merely because of the acts of those under his control." *Kinch v. Artuz*, 1997 WL 576038, at *2 (S.D.N.Y. Sept. 15, 1997) (emphasis in original) (citing *Colon v. Coughlin*, 58 F.3d 865, 874 (2d Cir. 1995) & *Wright v. Smith*, 21 F.3d at 501) (further citations omitted). Nevertheless, if a plaintiff seeks to bring a § 1983 action for supervisory liability, there needs to be a showing of personal involvement by the supervisor. *Hernandez v. Keane*, 341 F.3d 137, 144 (2d Cir. 2003). However, liability on the part of the supervisor may exist

> in one or more of the following ways: 1) actual direct participation in the constitutional violation, 2) failure to remedy a wrong after being informed through a report or appeal, 3) creation of a policy or custom that sanctioned conduct amounting to a constitutional

>   violation, or allowing such a policy or custom to continue, 4) grossly negligent supervision of subordinates who committed a violation, or 5) failure to act on information indicating that unconstitutional acts were occurring.

*Id.* at 145 (citing *Colon v. Coughlin*, 58 F.3d at 873) (further citations omitted).

Here, Plaintiff has provided no factual allegations against Defendant Lennox. Compl. at § 6. Therefore, it is clear that there is no personal involvement on the part of Lennox. In addition, this Court finds that Plaintiff has failed to allege any personal involvement by Dr. Kooi. Plaintiff generally asserts that Dr. Kooi refused to address Plaintiff's complaints concerning medical staff and his requests for effective pain medication associated with chronic disks disease. *Id.* Plaintiff does not provide any facts to support his claim nor does Plaintiff provide a time period for these complaints. *Id.* Furthermore, Dr. Kooi cannot be held liable under a theory of *respondeat superior* just because he was the doctor at the facility nor can he be held liable as a supervisor as Plaintiff has failed to allege any facts upon which supervisory liability could be assessed.

Therefore, it is recommended that the Motion to Dismiss be **granted** for Defendants Lennox and Kooi based upon a lack of personal involvement.

### III. CONCLUSION

For the reasons stated herein, it is hereby

**RECOMMENDED**, that the Motion to Dismiss (Dkt. No. 13) be **GRANTED**; and it is further

**ORDERED**, that the Clerk of the Court serve a copy of this Report-Recommendation and Order upon the parties to this action.

Pursuant to 28 U.S.C. § 636(b)(1), the parties have ten (10) days within which to file written objections to the foregoing report. Such objections shall be filed with the Clerk of the Court.

**FAILURE TO OBJECT TO THIS REPORT WITHIN TEN (10) DAYS WILL PRECLUDE APPELLATE REVIEW.** *Roldan v. Racette*, 984 F.2d 85, 89 (2d Cir. 1993) (citing *Small v. Sec'y of Health and Human Servs.*, 892 F.2d 15 (2d Cir. 1989)); *see also* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72, 6(a), & 6(e).

Date:   November 1, 2006
        Albany, New York

_____
RANDOLPH F. TREECE
United States Magistrate Judge